UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Case No. 17 B 10647 |
| JOHN V. CURREY, JR. and | ) |
| KAREN M. CURREY, | ) Chapter 7 |
| | ) |
| Debtors. | ) Judge Pamela S. Hollis |

## MEMORANDUM OPINION

This matter comes before the court on the objection of Chapter 7 Trustee Cindy Johnson to the exemption claimed by Debtors John V. Currey, Jr. and Karen Currey in a portion of John Currey's 401(k) account. For the reasons stated below, the court overrules the objection.

## BACKGROUND

There appears to be no dispute between the parties as to the relevant facts.

In late March 2017, the Curreys received a federal income tax refund in the amount of $10,467. A few days later, they used the refund and some savings to pay off a $14,800 loan from their 401(k) account.

On April 4, 2017, the Curreys filed for relief under Chapter 7 of the Bankruptcy Code. In answer to Question 21 on Schedule B, the Curreys listed the 401(k) account with a value of $51,000.

They claimed the full amount of the account as exempt under 735 ILCS 5/12-1006.

The Trustee requested certain documentation regarding the Curreys' financial accounts. The Curreys complied with the Trustee's requests, and there are no allegations that any documentation was withheld or delayed.

According to John Currey's affidavit, attached to the response, the Curreys believed the payment was allowable under the Bankruptcy Code and applicable Illinois law, "and that the money would be exempted from the bankruptcy estate after we filed the Petition."

## LEGAL DISCUSSION

Since Illinois has opted out of the federal exemption scheme in 11 U.S.C. § 522, the exemptions available to Illinois debtors are found in Illinois statutes such as 735 ILCS 5/12-1001. Section 5/12-1001 provides that certain personal property of a debtor is exempt from judgment, attachment or distress for rent.

The penultimate paragraph in this section states:

> If a debtor owns property exempt under this Section and he or she purchased that property with the intent of converting nonexempt property into exempt property or in fraud of his or her creditors, that property shall not be exempt from judgment, attachment, or distress for rent. Property acquired within 6 months of the filing of the petition for bankruptcy shall be presumed to have been acquired in contemplation of bankruptcy.

735 ILCS 5/12-1001 (West 2018).

This is the subsection to which the Trustee directs the court, calling it the Barring Paragraph. (For simplicity's sake, the court will use that term as well.) The Trustee argues that when the Curreys transferred $14,800 into the 401(k) account, they did so with the intent to convert what would have been non-exempt property, available for distribution to creditors, into exempt property. Under the Barring Paragraph, therefore, she asserts that $14,800 of the 401(k) account should not be exempt.

The Trustee bears the burden of proving that the Curreys are not entitled to exempt the full amount of their 401(k) account. Fed. R. Bankr. P. 4003(c). "[E]xemptions in bankruptcy cases are part and parcel of the fundamental bankruptcy concept of a 'fresh start'." Schwab v. Reilly, 560 U.S. 770, 791 (2010) (quotation omitted). Exemption statutes generally are

2

construed liberally in favor of debtors. In re Edelson, 533 B.R. 651, 653-54 (Bankr. N.D. Ill. 2015) (Schmetterer, J.), aff'd by Loventhal v. Edelson, 2016 WL 147902 (N.D. Ill. Jan. 13, 2016), aff'd 844 F. 3rd 662 (7th Cir. 2016).

It is clear from the unambiguous language of the Barring Paragraph that it applies only to "property exempt under this Section." As the Trustee acknowledges, 401(k) accounts are exempt under 735 ILCS 5/12-1006, which is an entirely different section of exemption law. Therefore, the 401(k) account is not "property exempt under this Section." Consequently, the Barring Paragraph does not require this court to find that the $14,800 deposited into the 401(k) "shall not be exempt from judgment, attachment or distress for rent."

As the Curreys point out, the Illinois legislature knew how to make a section of the exemption law more broadly applicable:

> Liability for seizing exempt property. If any officer by virtue of any judgment or process, or any other person by any right of distress takes or seizes **any of the articles of property exempted from levy and sale, as provided in Part 10 of Article XII of this Act**, such officer or person shall be liable in a civil action to the party damaged for double the value of the property so illegally taken or seized and costs of the action.

735 ILCS 5/12-1005 (West 2018) (emphasis added). In contrast, the Barring Paragraph is not broadly applicable to all articles of property exempt under Part 10 of Article XII of Act 5, Code of Civil Procedure. The Barring Paragraph applies only to property exempt under 735 ILCS 5/12-1001.

The limitation to "property exempt under this Section" in the Barring Paragraph is dispositive. Because a 401(k) account is exempt under a different section of Illinois exemption law, the Barring Paragraph does not apply in this situation.

A bankruptcy court in the Central District recently came to the same conclusion, although that case involved property that was purchased allegedly "in fraud of her creditors" rather than

3

"with the intent of converting nonexempt property into exempt property." In re Coyle, 2016 WL 828459 (Bankr. C.D. Ill. March 2, 2016).

Amanda Coyle's siblings (referred to in the decision as the "Coyle Creditors") objected to her claim of exemption in two IRAs. The bankruptcy court overruled their objection to the extent it was "based on either her conduct that resulted in the Wisconsin judgment against her or her acts that supported the denial of her discharge . . . . Absent specific statutory authority, exemptions cannot be denied based on objections alleging bad faith or wrongful conduct." Id. at *4, citing Law v. Siegel, ___ U.S. ___, 134 S. Ct. 1188, 1196 (2012) (other citations omitted).

The Coyle Creditors then turned to 735 ILCS 5/12-1001 and cited the Barring Paragraph in support of their objection to Amanda Coyle's exemption. The court rejected this argument as well:

> The Coyle Creditors do not explain how a provision specifically limited to exemptions claimed "under this Section"—§ 12–1001—would apply to exemptions claimed under a different section. They just presume that it does and make their arguments accordingly. But the provisions of § 12–1001 do not modify the provisions of § 12–1006 and this Court declines to read a relationship into the separate, distinct provisions where there is no evidence that the legislature intended such a relationship.
>
> To the extent Illinois courts have discussed the construction of exemption statutes, they have generally found that the express language of the statutes control and the forfeiture of exemptions "can only be accomplished in the manner provided by the statute." The Coyle Creditors urge this Court to ignore Illinois case law, arguing that the Illinois cases deal with homestead exemptions and such exemptions are entitled to more deference than exemptions in personal property. But the Coyle Creditors provide no persuasive authority for that proposition and, perhaps more troubling, urge the Court not only to discount Illinois law but to instead consider cases from Wisconsin, Kansas, and Florida, some of which dealt with the homestead exemptions under those states' laws.
>
> In deciding issues of state law, a federal court should follow the decisions of the highest court of the state and, in the absence of such authority, should predict how the highest court would rule. When an appellate court has ruled directly on an issue, that decision should control the prediction unless there are "persuasive indications" that the highest court would "decide the issues differently." The Illinois courts have consistently held that the language of the statute controls the

4

> allowance or disallowance of exemptions. This Court predicts that, if asked to decide a case regarding the retirement plan exemption, the Illinois Supreme Court would rule based on the express language of the statute rather than by carving out equitable exceptions to the exemption.
>
> Section 12–1006 does provide limits on retirement plan exemptions, requiring that the plan in which an exemption is taken must have been "intended in good faith to qualify as a retirement plan under the Internal Revenue Code [.]" 735 ILCS 5/12–1006(c). This provision could be used to deny exemptions for excess or out of time contributions made to IRAs or other retirement plans. But here, the Debtor's contributions were made in amounts and at the times expressly allowed by the Internal Revenue Code. 26 U.S.C. § 219(b)(5), (f)(3). The Debtor's exemption under § 12–1006 is proper and allowable.

Coyle, 2016 WL 828459, at *4–5 (citations and quotations omitted).

Since the Barring Paragraph does not apply to a 401(k) account, the court need not consider whether repayment of a loan is a "purchase" or "acquisition" under that paragraph. Neither need the court address the Trustee's arguments that: (1) John Currey's affidavit establishes that he had the intent to convert nonexempt property to exempt property; (2) the transaction was "in fraud of creditors"; (3) the Curreys' actions were taken in contemplation of bankruptcy; and (4) the Curreys failed to rebut the presumption that the transfer was in fraud of creditors. All four arguments gloss over the threshold issue of whether the Barring Paragraph even applies to this transaction. Since it does not apply, none of those arguments are relevant.

The Trustee acknowledges that 735 ILCS 5/12-1001 does not discuss exemption of retirement accounts. Despite this clear and unambiguous statutory language, the Trustee urges the court to determine that the <u>intent</u> of the statute is to prohibit debtors who convert non-exempt assets into any exempt assets, within a short period of time before filing for relief under the Bankruptcy Code, from being able to exempt those converted assets.

In support of her position, the Trustee cites In re Kitson, 43 B.R. 589, 590 (Bankr. C.D. Ill. 1984) ("[t]he very ability to move money into an IRA account on the eve of bankruptcy,

5

claim it as exempt, then remove it after bankruptcy has been noted as contrary to public policy") and In re Talbert, 15 B.R. 536 (Bankr. W.D. La. 1981).

Kitson was decided before the Illinois legislature revised the law and chose to exempt retirement plans. See In re Templeton, 146 B.R. 757, 760 (Bankr. N.D. Ill. 1992) ("The statute appears to be a legislative response to a series of bankruptcy court decisions finding IRAs and other kinds of retirement plans not exempt under the former provisions of Ill. Rev. Stat. ch. 110, para 12-1001(g)(5). See, e.g., In re Kitson.") (Squires, J.). Despite the issue that Kitson identified, the legislature chose to allow retirement accounts to be exempt <u>without the limitation of the Barring Paragraph</u>. The legislature is presumed to be "aware of judicial decisions concerning prior and existing law and legislation." Kozak v. Retirement Bd. Of Firemen's Annuity and Ben. Fund of Chicago, 95 Ill. 2nd 211, 218 (Ill. 1983) (citations omitted). So this court is not persuaded that the Illinois legislature found this a pressing issue.

Even if the court agreed with the Trustee that public policy demands that this "loophole" be closed, the court cannot do so because of binding authority from the Supreme Court.

The Trustee is essentially asking the court to exercise its equitable powers and deny the Curreys an exemption to which they are entitled under Illinois law. But the Supreme Court forbids such an exercise. "A debtor need not invoke an exemption to which the statute entitles him; but if he does, the court may not refuse to honor the exemption absent a valid statutory basis for doing so." Law v. Siegel, 134 S. Ct. at 1196.

If the exempt property had been personal property enumerated in section 5/12-1001, and the Barring Paragraph applied, then there would be a valid statutory basis for sustaining the Trustee's objection. The Supreme Court admitted this possibility in Law v. Siegel, stating that "when a debtor claims a *state-created* exemption, the exemption's scope is determined by state

6

law, which may provide that certain types of debtor misconduct warrant denial of the exemption." 134 S. Ct. at 1196-97 (emphasis in original) (citations omitted). But if the state law does not make such a provision – as Illinois law does not when it comes to retirement accounts – this court may not refuse to honor the Curreys' claimed exemption.

It is a "firmly embedded and longstanding bankruptcy policy that permits debtors to convert nonexempt property into exempt property in order to maximize the exemptions to which they are entitled." In re Dunbar, 313 B.R. 430, 438 (Bankr. C.D. Ill. 2004) (citations omitted). The footnote to this statement quotes the legislative history of 11 U.S.C. § 522: "As under current law, the debtor will be permitted to convert nonexempt property into exempt property before filing a bankruptcy petition. The practice is not fraudulent as to creditors, and permits the debtor to make full use of the exemptions to which he is entitled under the law." H.R. REP. 95–595, at 361 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6317 (citation omitted).

For the reasons stated above, the Trustee's objection will be overruled.

February 16, 2018

                                              PAMELA S. HOLLIS
                                              United States Bankruptcy Judge